**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOYSIE SHORTER | ) | |
| | ) | |
| Plaintiff, | ) | No: |
| | ) | |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| BOARD OF TRUSTEES | ) | |
| OF COMMUNITY COLLEGE DISTRICT #508 | ) | |
| d/b/a CITY COLLEGES OF CHICAGO | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff Boysie Shorter, an Illinois resident, by his attorneys, Trivedi & Khan, P.C., for his Complaint against Defendant Board of Trustees of Community Board of Trustees of Community College District # 508 d/b/a City Colleges of Chicago ("CCC"), states as follows:

**PARTIES**

1. Plaintiff Boysie Shorter is a citizen of the State of Illinois and the City of Chicago. Shorter is a retired police officer with the Chicago Police Department and a former employee of CCC. Shorter worked as a security officer at Malcolm X College. Shorter was wrongfully terminated due to his age and in retaliation for raising legitimate complaints about CCC's treatment of certain security officers at CCC. Shorter is an employee under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(f).

2. Defendant City Colleges of Chicago ("CCC") is a public community college district, organized under the laws of the state of Illinois. Malcolm X College is one of seven

1

colleges operating under CCC. CCC employed Boysie Shorter and is an employer under ADEA, 29 U.S.C. § 630(b). CCC has over 500 employees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4), and 29 U.S.C. §626.

4. This Court is the proper venue for this action pursuant to 28 U.S.C. 1391(b) because the claim arose in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Boysie Shorter is an individual over the age of 40. Shorter was a police officer for the Chicago Police Department.

6. In November 2007, Shorter was employed by Defendant as a security officer.

7. During all relevant times, Shorter worked as a security guard at Malcolm X College.

8. During his time at Malcolm X College, Shorter also served as a representative for Union Local 1600 – the union representing security officers at CCC.

9. From 2016 onwards, Defendant began to harass senior security officers at CCC. The harassment took many forms.

10. The senior officers were victims of selective discipline for minor infractions such as cell phone use. Other similarly situated officers were not similarly targeted.

11. Senior officers were harassed and treated unequally in assignment of work schedules and granting of leave.

12.     Defendant was administering its disciplinary process in a discriminatory manner against senior officers.  Senior officers were subject to much more aggressive discipline procedures than what was common practice.

13.     Defendant further harassed and discriminated against senior officers by subjecting them to harsh work environments that compromised their safety.  This included scheduling an inadequate number of security officers and not providing notice of dangerous conditions.

14.     Defendant also harassed senior officers by treating them with undue aggression, including oral and written threats of physical or financial harm.

15.     Shorter reported the mistreatment of the security officers to Defendant on multiple occasions.  Throughout 2016, for instance, Shorter reported over 10 separate incidents of harassment or discrimination to Defendant.

16.     Shorter including in all his reports a request that the infractions be investigated and that the officers be treated equally and fairly.

17.      On or about February 16, 2017, Shorter was informed that an assault had occurred to a student at Malcolm X College.

18.     Shorter was accompanied a younger officer.  The younger officer detained the assailant.  The assailant was then handed over to the Chicago Police Department.

19.     After a pre-disciplinary hearing, on April 27, 2017, Defendant terminated Shorter despite the fact that he did not have any contact with the assailant.

20.     On February 26, 2018, Shorter filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") relating to his unlawful termination.  (Charge, attached as Ex. 1)

3

21. On or about May 4, 2018, the EEOC issue a right to sue letter to Shorter. (Right to Sue letter, attached as Ex. 2)

## COUNT I – VIOLATION OF ADEA (29 U.S.C § 621)

22. Plaintiff adopts and realleges paragraphs 1 through 21 for this paragraph 22.

23. The ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any individual…because of such individual's age."

24. Shorter was over the age of 40 when he was terminated by Defendant.

25. The termination was a violation of the ADEA as his age was a primary cause for the discrimination.

26. Defendant's actions in terminating Shorter were intentional and willful.

27. Defendant's violations of the ADEA were the direct and proximate cause of Shorter sustaining economic and non-economic damages, including but not limited to, loss of wages and benefits.

WHEREFORE, Plaintiff Boysie Shorter prays for all damages under 29 U.S.C. § 621, including but not limited to back pay with interest, front pay, liquidated damages, reasonable attorney's fees, costs, expert witness fees, and any other damages this Court deems just.

## COUNT II – RETALIATION UNDER ADEA (29 U.S.C. § 621)

28. Plaintiff adopts and realleges paragraphs 1 through 27 for this paragraph 28.

29. The ADEA makes it unlawful for employers "to discriminate against any of his employees …because such individual…has opposed any practice made unlawful by this section."

4

30. Shorter engaged in protected activity by making numerous complaints to Defendant about discriminatory conduct against senior security officers at CCC.

31. Defendant unlawfully retaliated against Shorter by harassing him and, by ultimately terminating his employment.

32. Defendant's retaliatory conduct caused significant damages to Shorter.

WHEREFORE, Plaintiff Boysie Shorter prays for all damages under 29 U.S.C. § 621, including but not limited to back pay with interest, front pay, liquidated damages, reasonable attorney's fees, costs, expert witness fees, and any other damages this Court deems just.

Respectfully submitted,

BOYSIE SHORTER

*Zubair Khan*

_____

By one of his attorneys

Zubair A. Khan (#6275265)
Trivedi & Khan, P.C.
118 N. Clinton Street, Suite 440
Chicago, IL 60661
(312) 612-7619 – telephone
(224) 353-6348 - facsimile